In The United States District Court
For The District of Maryland
And
The District of Columbia

FILED ___ ENTERED
LOGGED ___ RECEIVED

SEP 0 1 2015

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

{Victim # 1-Mr. Monroe}

Prose Plaintiff {PG County, Md.}

{Victim # 2-Ms. Smith}

Prose Plaintiff {PG County, Md.}

{Victim # 3-Mrs. Monroe-Ricks}

Prose Plaintiff {PG County, Md.}

vs.

{Serve}

Glaxo Smith Kline-Pharmaceutical

Actavis Inc. {DBA} Forest

Pharmaceuticals

Novartis Pharmaceuticals

S/O CSC-Lawyers Incorporation

7 St. Paul Street, Suite 1660

Baltimore, Maryland 21202

{Defendant}

QCI Behavioral Health

And

Dr. Shanique Cartwright, M.D.

Resident Agent/Frank Hutchinson

QCI Behavioral Health Consulting

Group, LLC, Suite 250

9475 Lottsford Road

) Case No.: RWT 15CV2581
) ----------------------------------
)         Motion/Amended JS 44
) Victims' Impact Claim/Case-DOJ ACT
) Motion To Proceed In Forma Pauperis
) Rule 4 FRCvP; 28 USC 1915-Poverty
)) Stricken; Redress; Case {Discovery}
----------------------------------
Rule 8{a} FRCvP-Claim For Relief
28 USC 1345- U.S. Defendants
28 USC 1331-Federal Questions; Torts-
360-Other Personal Injury;362-
Personal Injury Medical Malpractice;
367-Healthcare, Pharmaceutical,
Personal Injury, Product Liability;
Civil Rights 440-Other Civil
Rights;446-Amer. W. Disabilities-
Other; 864-Social Security -SSID
TITLE XVl; Other Statutes-890-Other
Statutory Actions; 950-
Constitutionality of State Statutes
28 USC-1332 Diversity/Federal
Question Precedence.28 USC Sec. 1407-
Multidistrict Litigation. Cause of
Action. Rule 23 FRCvP-Class Action
FRCP Rule 38 Jury Demand
FRCP Rule 55-Demand For Summary
Judgment, Default Judgment, Entry of
Judgment. Motion Shield/Seal Case
Info. Motion Expedited Process

2

Largo, Maryland 20774

State of Maryland-Serve

Rod J. Rosenstein- U. S. Attorney

For The District of Maryland

36 S. Charles Street, 4th Floor

Baltimore, Maryland 21201

{United States-Defendant}

District of Columbia

Vincent H. Cohen Jr.

U.S. Attorney's Office

555 4th Street, N.W.

Washington, D.C. 20530

{United States-Defendant}

Elite Horizon Medical Center-Serve

Ohuoha, Chider, M.D.

{AKA} Chideha MacDonald Ohuoha, M.D.

3704 26th Avenue

Temple Hills, Maryland 20748

And

26825 Point Lookout Road

Leonardtown, MD 20650

{Defendant}

## Motion

Prose victims'/plaintiffs' motions courts under jurisdictions to seal/shield certain case information. {1} Address {2} Names {3} D.O.B. {4} Social Security Numbers {5} Phone Numbers {E-Government Act}. {Indemnification} that although U.S. Department of Justice is part of Certificate of Service Process, prose victims'/plaintiffs' motions courts to indemnify agency as defendants', based on the fact that the agency did in fact take corrective action against pharmaceuticals, and as result probe investigations were conducted and penalties were imposed; therefore parties should be indemnified as result. Prose victims'/plaintiffs' motions U.S. Department of Justice and District Courts' to act as Recipients of information in part on victims' /plaintiffs' behalves, especially where responses by pharmaceuticals are concerned. Prose victims'/plaintiffs' motions and summons {District Courts} under jurisdictions to proceed in Forma Pauperis under {Rule 4 FRCP-Motion} Summons. That victims' in this case/claim are poverty stricken and entitled to Redress {28- USC 1915}. That case is certified {Class Action-Rule 23 FRCvP-Motion}. That prose victims'/plaintiffs' seek damages and claim for relief $ 50,000,000.00 {Fifty Million Dollars} as result of their pains, sufferings, and personal injuries resulting from adverse reactions/side effects as result of medical malpractices, and pharmaceuticals product liabilities {Pending Settlement Agreement FRCP Rule 8-a}. That portions of proceeds are incorporated/allotted into {Trust} accounts for victims'/plaintiffs' children, grand-children, and that the process is expedited. Demands summary judgment/default judgment/entry of judgment {FRCvP

Rule 55-Motion}. If an agreement fails to be reached between parties; prose plaintiffs'/victims' motions court for {Jury Demand} trial FRCvP Rule 38. That U.S. defendants' are held accountable for their failures in the matter, that contributed to the pains, sufferings, and personal injuries to victims'/plaintiffs', as result of allowing {State} facilities to administer dangerous pharmaceutical {CDS} medications in patterns that are inhuman, and inhabitable; that resulted in malicious wounding, malicious surveillance/targeting , wrongful arrest, false arrest, wrongful imprisonment, false imprisonment, illegal targeting, reckless endangerment, excessive forces, malicious prosecutions, malicious harassment/stalking of victims'/plaintiffs' family members, abusive process and harsh punishment/treatment as result of their failures to protect victims'/plaintiffs'; therefore continuing patterns of malicious practices against victims'/plaintiffs' in this case, as result of victims'/plaintiffs' mental impairments. {USC 28 1345; Civil Rights 440; Amer. W. Disabilities 446; Other Statutory Actions 890; Constitutionality of State Statutes 950}. That as matter of {Federal Question} prose victims'/plaintiffs' seek damages under {Torts} 28 USC 1331. That prose victims'/plaintiffs' rest upon {Multi Jurisdictional Litigation} as result of events occurring in State of Maryland and District of Columbia. 28 USC Sec. 1407. That as matter of diversity, defendants' located in other states did in fact and/or does in fact administer, distribute, and issue; medications in US Defendants territories; therefore {Federal Precedence} is in fact the rule 28 USC-1332. That as result of failed healthcare facilities in multiple-jurisdictions medical personnel did in fact administer, prescribe, and issue dangerous medications

to victims'/plaintiffs' and failed to disclose dangers to prose parties; when they knew and or should have known about dangerous side effects/adverse reactions; as result of pharmaceuticals' manufacturing, and distributions to facilities', and as result of defected products that performed opposite of their meanings in this case, did in fact cause personal injuries to prose victims'/plaintiffs' in this matter as result of product liability. {Torts} 360-Other Personal Injuries; 362-Medical Malpractice; 367-Healhcare, Pharmaceutical, Personal Injury, Product Liability. That as matter of mental impairments prose victims'/plaintiffs' did in fact qualify for {Social Security Disability Benefits-Title XV1} however the process was so lengthy therefore denying the prose parties for a number of years that by the time claimants' were approved more damage had been done; therefore {Social Security Administration} {Department of Mental Health and Hygiene} should be held accountable for their mishandlings and delayed processing of claims; therefore causing major delays in adequate healthcare on prose plaintiffs'/victims' behalves. Moreover, and once approved claimants' failed to receive their full entitlement compensation; where by SSA created a more poverty stricken result on prose parties behalves as result of defendants' failures. {Other Statutes} Other Statutory Actions 890; Constitutionality of Sate Statutes 950. Victims' Impact Claim/Case-DOJ Act. Victims'/Plaintiffs' request and motions courts to expedite process. {Discovery}

Certificate of Service

Certified Mail/Postage Paid First Class Delivery

United States District Court of Maryland-Greenbelt

Attention; Civil Division

6500 Cherrywood Lane

Greenbelt, Maryland 20770

United States District Court of District of Columbia

Attention; Civil Division

333 Constitution Avenue, NW

Washington, D.C. 20001

CSC Lawyers Incorporation

7 St. Paul Street, Suite 1660

Baltimore, Maryland 21202

QCI Behavioral Health

Attention; Frank Hutchinson-Resident Agent

QCI Behavioral Health Consulting Group, LLC, Suite 250

9475 Lottsford Road

Largo, Maryland 20774

State of Maryland

Attention; Rod J. Rosenstein-U.S. Attorney

For The District of Maryland

36 S. Charles Street, 4th Floor

Baltimore, Maryland 21201

Vincent H. Cohen Jr. U.S. Attorney's Office

For The District of Columbia

555 4th Street, NW

Washington, D.C. 20530

United States Department of Justice

Attention; Loretta Lynch-U.S. Attorney General

950 Pennsylvania Avenue

Washington, D.C. 20530

Elite Horizon Medical Center

Attention; Ohuoha, Chider-M.D.

{AKA} Chideha MacDonald Ohuoha-M.D.

3704 26th Avenue

Temple Hills, Maryland 20748

And

26825 Point Lookout Road

Leonardtown, Maryland 20650


Respectfully,


Submitted On Behalf of Prose Victims'/Plaintiffs'


Under Advisement-N10199756


*Vicky S. Monroe-Ricks-Electronically Signed*

*443-314-3578*


{Enclosures}

                                              Dated this 27th day of August, 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Victim # 1 {Prose Plaintiff} Mr. Monroe       *

Victim # 2 {Prose Plaintiff} Ms. Smith

Victim # 3 {Prose Plaintiff} Mrs. Monroe-Ricks    *
*(Full name and address of the plaintiff)*
**Plaintiff(s)**

                      vs.       *       **Civil No.:** _____
                                                          *(Leave blank. To be filled in by Court.)*

RWT 15CV2581

{# 1 QC I-Behavioral Health} {# 2- State of Md.}

{# 3-District of Columbia} {# 4-Glaxo Smith Kline}    *

{# 5-Major Pharma.} {# 6-PAR} {# 7-Pliva}

{ # 8-Rising} {# 9-Teva} {# 10-UDL-Pharma.}        *

# 11-Upsher-Smith} {# 12-Johnson and Johnson}
*(Full name and address of the defendant(s))*
**Defendant(s)**       *
                      ******

## COMPLAINT

1. Jurisdiction in this case is based on:

    ☐ Diversity (none of the defendants are residents of the state where plaintiff is a resident)

    ☑ Federal question (suit is based upon a federal statute or provision of the United States Constitution)

    ☑ Other (explain) That this case is not only about {Federal Question} etc. but also morals and principles in the medical and pharmaceuticals worlds of Health, Safety, and well fare of human nature. Instances occurred in Maryland and D.C. retroactively.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Victim # 1 {Prose Plaintiff} Mr. Monroe                    *

Victim # 2 {Prose Plaintiff} Ms. Smith

Victim # 3 {Prose Plaintiff} Mrs. Monroe-Ricks            *
*(Full name and address of the plaintiff)*
**Plaintiff(s)**

                                                           RWT 15CV2581
           vs.                                   *     Civil No.:_____
                                                       *(Leave blank. To be filled in by Court.)*
{# 13 Elite Horizon Medical Center} {# 14-Actavis-

DBA Forest Pharmaceuticals} {# 15-Watson DBA              *

Actavis Pharmaceuticals} {# 16-Novartis} {# 17-

Shire} {# 18-Global Pharmaceuticals/Impax Labs}           *

{# 19-Sanofi} {# 20-Alvogen} {# 21-Apotex}
*(Full name and address of the defendant(s))*
**Defendant(s)**                                 *
                                            ******

## COMPLAINT

1. Jurisdiction in this case is based on:

   ☐ Diversity (none of the defendants are residents of the state where plaintiff is a resident)

   ☑ Federal question (suit is based upon a federal statute or provision of the United States Constitution)

   ☑ Other (explain) That this case is also about failed accountability, gross negligence, malpractice, product liability, administering dangerous medications in manners/patterns that are inhabitable, inhuman like, that could be considered acts of misconducts.

2. The facts of this case are:

That victims' are seeking damages in the amount of $ 50,000,000.00 {Fifty Million Dollars} as result of defendants' failed accountability, product liabilities, gross negligence, malpractices, and irresponsible actions, as result of manufacturing, distributing, issuing, prescribing, administering {CDS} medications in patterns that are unsafe for human consumption, as result of dangerous and life threatening side effects and adverse reactions. That as result of defendants' actions, victims did in fact encounter and incurred dangerous life threatening/altering/changing situations as result of defendants' contributions to their cause of pains, sufferings, and personal injuries. That at leat one victim has been impacted since adolescent. That defendants' knew and or should have known that medications are/were unsafe and dangerous for human consumption as matter of facts and or law. That at least some of the defendants' were in fact the subject of investigations resulting from their actions {DOJ}. That all defendants' should be held at the highest levels of accountability as result of malpractices, product liabilities that did in fact endanger the health, well fare, and lives of victims'/plaintiffs'. That on or about {2-19-2014} defendant QCI through their medical staff did in fact prescribe/administer {Benztropine/Cogentin} {Buproprion/Wellbutrin} {Trazodone} {Risperidone} all in one prescription filling, when she knew and or should have known that consumption these dangerous drugs at once could trigger adverse reactions as result of dangerous side effects, but in fact failed to warn, notify and or disclose the dangers to the victim. That on or about {7-17-2014} she in fact prescribe and administer {Benztropine, Risperidone, Trazodone} all in one prescription filling and failed to disclose dangerous warning about adverse reactions, and dangerous side effects, which she knew and or should have known the dangers as result of human consumption at once. That on or about {1-3-2012} {11-2011} {Continued On Back}

2. The facts of this case are:

Elite Horizon Medical Center through their medical doctor did in fact administer and prescribe {Buproprion} {Benztropine} {Risperidone} {Ambien} all in one prescription filling that actually created a dangerous pattern for other doctors to follow suit. Are victims/ plaintiffs animals? This doctor knew and or should have known that prescribing dangerous medications in this pattern would cause adverse reactions as result of dangerous side effects, but failed to disclose unsafe and dangerous warnings to the victim/plaintiff, as result of his malpractice behavior the victim has endured uncommon {seizures}. The victim has encountered dangerous and life threatening situations where he in fact almost lost his life as result of violent out breaks, he has developed vision problems, hearing problems, high blood pressure, and other dangerous side effects and adverse reactions only to name a few, as result of defendants' {Pharmaceuticals-Medical Doctors} contributing factors. That is {Victim's # 1} story. This is {Victim's # 2} That in the same and or similar context and or patterns as {Victim # 1} QCI through their medical resources did in fact prescribe {Celexa, Trazadone, Risperidone} to the victim, and failed to disclose unsafe, and dangerous adverse reactions as result of dangerous side effects, which defendants' knew and or should have known that the impact of dangerous substances would cause life threatening/altering changing situations on the victim's behalf. That in fact the victim did in fact encounter situations that resulted in attempts of suicide, vision problems, hearing problems, violent encounters, and other serious health and safety encounters as result of adverse reactions/side effects resulting from pharmaceuticals' defective medication products, and medical personnel patterns of prescribing medications and failing to disclose dangerous, safety warnings to the victim. That in fact as result of the dangerous side effects, and adverse reactions resulting from the medications. {See Next-3}

2. The facts of this case are:

That with respect to mental disabilities, in fact both victims does in fact suffer with mental impairments, and as result was in fact prescribed medications that was in fact suppose to help, by medical treatment, but in fact reacted adversely. That as matter of facts, and as result of products failure to help the situations, they actually caused more harm to the victims, and as result vicitms had to cease consumption. That although both victims are recovering well, there are current signs of impact. That as recent as August 2015, victim # 2 had serious thoughts of suicide, and in July 2015, victim # 1 endured a seizure attack and black out that almost resulted in his imminent death. That both victims have in fact been diagnosed with {Bipolar Disorder, Schizophrenia, Deep Depression, Attention Deficit Hypertension Disorder} or ADHD as commonly referred to. That it's bad enough victims/plaintiffs have to endure the error of their ways that has left them feeling shame, guilt, humiliation, and embarrassment, but to add insult to injury, as result of defective medications that is suppose to help and not harm is even more appalling and outrageous. That in fact the victims'/plaintiffs' have been so extremely impacted by defective medications that they have encountered run ins with law enforcement that has resulted in malicious wounding, and reckless endangerment, as result of victims failing to be conscious and coherent of their immediate surroundings because they were dazed, and confused as result of medication consumption, as result of adverse reactions/side effects resulting from the medications. Research suggest that some of the medications carries life long-term side effects even after consumption. That as matter of {Victim # 1} was prescribed {Ritalin and Adderall} as an adolescent, and research suggest that {Adderall} is a contributing factor to {High Blood Pressure} which he has been diagnosed with at an early age. {Amended} Victims have encountered law enforcement in DC; MD {See Next-4}

2.   The facts of this case are:

{Amended} add Social Security Administration and Department of Mental Health and Hygiene as defendants'. That as matters of victims' mental impairments they are receiving disability benefits, but that's not enough to compensate them for their pains, sufferings, and personal injuries resulting from pharmaceuticals and medical personnel practices and patterns, as result of issuing, manufacturing, distributing, prescribing, and administering dangerous {CDS} medications. That as means of collaboration both Social Security Administration and Departments of Mental Health and Hygiene should be held accountable collectively as result of their constant denials of benefits to victims'/plaintiffs' because during their times of filings, they were constantly denied under laws of entitlement that further added insults to injuries; therefore causing victims unnecessary pain, sufferings, personal injuries, and hardships. That as result of both victims adverse reactions/side effects, {Victim # 3} has been directly impacted. That in the same context {District of Columbia} and {State of Maryland} should be held accountable because both in like manners failed, and refused to disclose dangerous side effects/adverse reactions to victims but went along with the pharmaceuticals/medical personnel theories of treatment; and utilizing law enforcement personnel to deal with the problems by excessive force, abusive means, aggressive and malicious targeting and surveillance tactics; therefore failing to effectively, efficiently, and adequately provide alternative resolutions, and or treatment programs that victims and society would benefit from as result of productivity. That defendants' did in fact fail the victims', and as result victims endured pains, sufferings, and personal injuries. That victims' seek damages for $50,000.000.00 as result of failures. That this claim is result of {Victims' Impact Statements}. That victims demand/jury trial/judgment. {Pending Settlement Conference} Claim is Multi-Jurisdictional. {Conclusion-4}